UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

GLADYS HAMILTON, ET AL                    CIVIL ACTION NO. 12-cv-0553

VERSUS                                     JUDGE FOOTE

J. C. PENNEY CORP., INC., ET AL            MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Gladys and Johnny Hamilton, Jr. filed suit in state court for damages allegedly caused when Gladys slipped on ice near the entrance of the J. C. Penney store at Pierre Bossier Mall. Defendants removed the case based on an assertion of diversity jurisdiction. The court has an independent duty to ensure that there is a basis to exercise subject-matter jurisdiction, and the removing defendants have the burden of presenting the necessary facts. The current record is lacking with respect to the citizenship of two of the six named defendants. Defendants will be allowed until **April 18, 2012** to file an Amended Notice of Removal and supply the missing information, as discussed below.

The Notice of Removal alleges that both plaintiffs are domiciled in Louisiana, making them citizens of that state. Soon after the case was removed, counsel for Plaintiffs received representations that the owner of the mall was Pierre Bossier Mall, LLC. Plaintiffs then dismissed four of the six original defendants, leaving only that LLC and J. C. Penney Corporation, Inc. as defendants. There are some aspects of the citizenship allegations of the dismissed defendants (form of business entity, members if unincorporated, etc.) that might

need to be explored, but the dismissal suggests that those four defendants had no responsibility with respect to the relevant property, making them improperly joined defendants whose citizenship can be ignored. Accordingly, the court will not order more detailed allegations with respect to the citizenship of the dismissed defendants.

J. C. Penney Corporation, Inc. alleges that it is "domiciled in Delaware" and has a principal place of business in Texas. Penney's name suggests that it is a corporation, but it does not say so expressly. Assuming that it is a corporation, its citizenship is based on its state of incorporation and its principal place of business. Penney's allegation of its domicile likely suggests that it is where it is incorporated but, again, Penney does not say so expressly. "Where the plaintiff [or removing party] fails to state the place of incorporation or the principal place of business of a corporate party, the pleadings are inadequate to establish diversity." Joiner v. Diamond M Drilling Co., 677 F.2d 1035, 1039 (5th Cir. 1982). The Fifth Circuit requires strict adherence to these straightforward rules. Howery v. Allstate Ins. Co., 243 F.3d 912, 919 (5th Cir. 2001). The Amended Notice of Removal should state whether Penney is a corporation or other form of business entity and allege its citizenship with specificity in accordance with the rules applicable to that form of entity.

The Notice of Removal describes Pierre Bossier Mall, LLC as domiciled in Delaware and with a principal place of business in Illinois. This defendant's name suggests that it is a limited liability company. If so, it shares the citizenship of all of its members. If the members are themselves partnerships, LLCs, corporations, or other form of entity, their citizenship must be alleged in accordance with the rules applicable to that entity, and the

citizenship must be traced through how ever many layers of members or partners there may be. See Burford v. State Line Gathering System, LLC, 2009 WL 2487988 (W.D. La. 2009).

The Notice of Removal does not contain the necessary information with respect to the LLC's citizenship. A recently filed disclosure statement (Doc. 12) represents that, at the time of the accident, the LLC had a single member, which was another LLC. It adds that, at present, the sole member of Pierre Bossier Mall, LLC is a private limited partnership. The relevant times with respect to citizenship are when the state court suit was filed and the time of removal. See Coury v. Prot, 85 F.3d 244, 249 (5th Cir. 1996). Accordingly, the Amended Notice of Removal will need to focus on membership in the defendant LLC at those times. Subsequent changes in membership will not impact diversity.

Counsel for the Mall should cooperate with counsel for Penney in gathering the necessary information to file the Amended Notice of Removal. The court will review the amendment and, assuming diversity is established, set a scheduling conference soon afterward.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 27th day of March, 2011.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE