U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

AUG 2 9 2012

TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| GLADYS HAMILTON and JOHNNY HAMILTON, JR. | CIVIL ACTION NO. 12-553 |
| VERSUS | JUDGE ELIZABETH ERNY FOOTE |
| J.C. PENNEY CORPORATION, INC., ET AL. | MAGISTRATE JUDGE MARK HORNSBY |

## ORDER

Before the Court is the Defendants' appeal of Magistrate Judge Hornsby's Memorandum Order denying the Defendants' Motion To Strike. See Record Document 16. This motion sought to remove an allegation in Paragraph XVIII of the Plaintiffs' Petition that Defendants are liable based on: "7. Other acts of negligence and other fault as may be proven at the trial of this matter." See Record Document 4. After a thorough review of this matter, the Magistrate Judge's Memorandum Order shall be **AFFIRMED**.

Defendants opposed the Plaintiffs' allegation because it is "vague and open-ended" and should not be allowed under Federal Rule of Civil Procedure Rule 8(a). See Record Document 4. Plaintiffs countered, arguing that the allegation does not violate the pleading requirements of Rule 8. See Record Document 10. In denying the Defendants' motion, the Magistrate Judge observed that this is "a straightforward slip and fall case." See Document 16, p. 2. Furthermore, he noted that motions to strike are disfavored and infrequently granted, and Defendants will be afforded ample opportunity during the discovery process to explore all facts and circumstances surrounding Plaintiff's fall. Id. In

their appeal to this Court, the Defendants argue the Plaintiffs may assert new claims at trial that were not disclosed to Defendants, and are dissatisfied with the Magistrate Judge's assurance that the Court will address those claims at that time. See Record Document 18.

Motions to strike are governed by Federal Rule of Civil Procedure 12(f), which authorizes a court to strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Fed.R.Civ.P. 12(f). "Motions to strike are disfavored and infrequently granted." United States v. Cushman & Wakefield, Inc., 275 F.Supp.2d 763, 767 (N.D. Tex. 2002) (citing Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla., 306 F.2d 862, 868 (5th Cir. 1962)). As the Fifth Circuit has explained,

> Partly because of the practical difficulty of deciding cases without a factual record it is well established that the action of striking a pleading should be sparingly used by the courts.... It is a drastic remedy to be resorted to only when required for the purpose of justice.... The motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy.

Augustus, 306 F.2d at 868 (citing Brown v. Williamson Tobacco Corp. v. U.S., 201 F.2d 819, 822 (6th Cir. 1953)).

Under Federal Rule of Civil Procedure 8(a), a claim for relief is a "short and plain" statement which must give the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 102 (1957) (abrogated in part by Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 563, 127 S.Ct. 1955, 1969 (2007) (holding the accepted pleading standard is "once a claim has been stated adequately, it may be supported by showing any facts consistent with the allegations in the complaint")). The Fifth Circuit Court of Appeal has described Rule 8(a) as having "relaxed

pleading requirements." General Electric Capital Corp.v. Posey, 415 F.3d 391, 396 (5th Cir. 2005). Rule 8 "relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." Id. (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512, 122 S.Ct. 992 (2002)).

Here, the allegation in question reads, in part, "other acts of negligence and other fault." In the opposition to the motion to strike, the Plaintiffs clarified that their claims are based on negligence and strict liability. See Record Document 10. The Defendants are thereby on notice that the Plaintiffs assert negligence and strict liability claims, which arise out of Gladys Hamilton's fall on February 5, 2011. Discovery may reveal additional facts and circumstances surrounding the Plaintiff's fall, and summary judgment motions may be used to dispose of claims devoid of merit. However, at this time, the Defendants have failed to demonstrate why justice requires the allegations in question to be stricken.

Nonetheless, this Court will not allow the Plaintiffs to assert at trial new claims for which discovery has not been conducted. In the event the Plaintiffs attempt to do so, the Court will address the matter at that time. Accordingly,

**IT IS ORDERED** that the Memorandum Order issued on April 19, 2012 [Record Document 16] be and is hereby **AFFIRMED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, on this 29th day of August, 2012.

